UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 09-172 (MJD/SRN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| (17) Winston Nguyen, and<br>(18) Hao Thi Doan, | |
| Defendants. | |

LeeAnn K. Bell, Assistant U.S. Attorney, 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for United States of America.

Robert D. Richman, Office of the Federal Defender, 107 U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, and Daniel S. Le, Le Law Group, 333 Washington Ave. N., Suite 415, Minneapolis, MN 55401, for Defendant Nguyen.

Paul Daniel Schneck, 701 Fourth Ave. S., Suite 500, Minneapolis, MN 55415, for Defendant Doan.

This matter comes before the undersigned United States Magistrate Judge on Defendant Winston Nguyen's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (Doc. No. 597), and Defendant Hao Thi Doan's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (Doc. No. 577). The matter has been referred to the undersigned pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1(a). For the reasons stated below, this Court recommends denying the motions.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Defendants have been indicted on one count of conspiracy to manufacture

marijuana.  (Doc. No. 36.)  Although each Defendant originally had filed other dispositive motions, at the hearing in this matter Defendant Nguyen withdrew his Motions to Suppress Eyewitness Identifications (Doc. Nos. 594 & 596), and Defendant Doan withdrew her Motion to Suppress Statements (Doc. No. 578), and her Motion to Suppress Eyewitness Identifications (Doc. No. 579).  (Doc. No. 674 (hearing minutes).)[1]

## II. DISCUSSION

With the withdrawal of Defendants' other dispositive motions, only their respective motions to suppress evidence obtained as a result of search and seizure remain. Furthermore, they each present only a "four corners" objection to the search warrant, but identify no particular deficiency of the supporting affidavit in establishing the probable cause required to issue the warrant.

The same issue arose earlier in this action with respect to other Defendants who challenged the warrants authorizing the search of their residences and business premises, which were also at issue in this investigation and prosecution.  The Court notes that all of the challenged warrants–both that at issue here and those previously challenged–were based on the same affidavit, that of DEA Task Force Officer Anthony Fletcher.  (Gov't Ex. 1.)  The June 24, 2009, Application and Affidavit for Search Warrant he prepared sought to search 22 different residences and businesses.  (Id.)

In its Report and Recommendation of October 9, 2009, this Court upheld the sufficiency of probable cause to support the warrants authorizing various searches of

---

[1] The Court has addressed Defendants' non-dispositive motions in a separate Order.

other suspected premises at issue in this action. (Doc. No. 337.) The District Court adopted that Report and Recommendation and denied all of the motions to suppress evidence obtained pursuant to those warrants. (Doc. No. 345.)

As noted above, the present Defendants identify no specific deficiencies in the warrant. Moreover, the Court's independent review of the affidavit reveals probable cause to support the warrant. Judicial scrutiny "of the sufficiency of an affidavit should not take the form of *de novo* review," and the reviewing court should accord "'great deference'" to a determination of probable cause. Illinois v. Gates, 462 U.S. 213, 236 (1983) (internal citations omitted). The Fourth Amendment requires only that the issuing magistrate "had a 'substantial basis for . . . conclud[ing]' that a search would uncover evidence of wrongdoing." Id. at 236. The magistrate need only conclude that "given all the circumstances . . ., there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id. at 237. Thus, "'affidavits should be read with common sense and not in a grudging, hyper technical fashion.'" United States v. Goodson, 165 F.3d 610, 613 (8th Cir. 1999).

Here, the lengthy, detailed affidavit of DEA Officer Fletcher, in addition to providing extensive information regarding the overall conspiracy and its many suspects, specifically identifies the particular property at issue here, 816 Pleasant Avenue, St. Paul Park, MN, as a "suspected marijuana grow house." (Gov't Ex. 1.) The property is owned by Defendant Nguyen. Officer Fletcher witnessed another suspected member of the conspiracy visit the house and also "noticed that two large circular after-market vents had

been installed on the roof," a feature common to other indoor marijuana grow operations. (Id.)  Inspections of the trash discarded from Defendant Nguyen's residence, as well as from the residence of another participant who was suspected of actually operating the grow house at Nguyen's property, provided additional evidence of such an operation. (Id.)  Accordingly, the Court discerns no basis to conclude that probable cause was lacking.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Nguyen's motion to suppress evidence obtained as a result of search and seizure [Doc. No. 597] be **DENIED**; and

2. Defendant Doan's motion to suppress evidence obtained as a result of search and seizure [Doc. No. 577] be **DENIED**.


Dated:  October 13, 2010        s/ Susan Richard Nelson
       SUSAN RICHARD NELSON
       United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **October 28, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.